**IN THE COURT OF APPEALS OF IOWA**

No. 14-0386
Filed April 30, 2014

**IN THE INTEREST OF N.B. and V.B.,**
**Minor Children,**

**T.P., Mother,**
Appellant.

_____

Appeal from the Iowa District Court for Clinton County, Phillip Tabor, District Associate Judge.

A mother appeals from the order terminating her parental rights. **AFFIRMED.**

Clayton E. Grueb, Davenport, for appellant mother.

Ryan Gerdes, Clinton, for father.

Thomas J. Miller, Attorney General, Janet l. Hoffman, Assistant Attorney General, Michael Wolfe, County Attorney, and Cheryl Newport, Assistant County Attorney, for appellee State.

Jennifer Olsen, Davenport, for minor children.

Considered by Danilson, C.J., and Potterfield and McDonald, JJ. Tabor, J., takes no part.

**DANILSON, C.J.**

A mother appeals from the order terminating her parental rights pursuant

to Iowa Code section 232.116(1)(b), (d), (e), (f), (g), and (i) (2013).[1]  This appeal

---

[1] The father's rights were also terminated.  He does not appeal.

Section 232.116, in pertinent part, allows the juvenile court to terminate parental rights if:

> b. The court finds that there is clear and convincing evidence that the child has been abandoned or deserted.
>
> . . . .
>
> d. The court finds that both of the following have occurred:
>
> (1) The court has previously adjudicated the child to be a child in need of assistance after finding the child to have been physically or sexually abused or neglected as the result of the acts or omissions of one or both parents, or the court has previously adjudicated a child who is a member of the same family to be a child in need of assistance after such a finding.
>
> (2) Subsequent to the child in need of assistance adjudication, the parents were offered or received services to correct the circumstance which led to the adjudication, and the circumstance continues to exist despite the offer or receipt of services.
>
> e. The court finds that all of the following have occurred:
>
> (1) The child has been adjudicated a child in need of assistance pursuant to section 232.96.
>
> (2) The child has been removed from the physical custody of the child's parents for a period of at least six consecutive months.
>
> (3) There is clear and convincing evidence that the parents have not maintained significant and meaningful contact with the child during the previous six consecutive months and have made no reasonable efforts to resume care of the child despite being given the opportunity to do so. For the purposes of this subparagraph, "significant and meaningful contact" includes but is not limited to the affirmative assumption by the parents of the duties encompassed by the role of being a parent. This affirmative duty, in addition to financial obligations, requires continued interest in the child, a genuine effort to complete the responsibilities prescribed in the case permanency plan, a genuine effort to maintain communication with the child, and requires that the parents establish and maintain a place of importance in the child's life.
>
> f. The court finds that all of the following have occurred:
>
> (1) The child is four years of age or older.
>
> (2) The child has been adjudicated a child in need of assistance pursuant to section 232.96.
>
> (3) The child has been removed from the physical custody of the child's parents for at least twelve of the last eighteen months, or for the last twelve consecutive months and any trial period at home has been less than thirty days.

concerns her two sons, N.B., age six, and V.B., age eleven. The mother's parental rights to their half-sister, A.P. were terminated previously. The petition for termination of parental rights was decided on exhibits, previous child-in-need-of-assistance (CINA) files, and A.P.'s termination file. The mother stipulated that if called to testify she would invoke her Fifth Amendment right not to incriminate herself. On appeal, the mother contends none of the statutory grounds have been proved.

We conduct a de novo review of termination of parental rights proceedings. *In re H.S.*, 805 N.W.2d 737, 745 (Iowa 2011). When the juvenile court terminates parental rights on more than one statutory ground, we may

---

(4) There is clear and convincing evidence that at the present time the child cannot be returned to the custody of the child's parents as provided in section 232.102.

g. The court finds that all of the following have occurred:

(1) The child has been adjudicated a child in need of assistance pursuant to section 232.96.

(2) The court has terminated parental rights pursuant to section 232.117 with respect to another child who is a member of the same family or a court of competent jurisdiction in another state has entered an order involuntarily terminating parental rights with respect to another child who is a member of the same family.

(3) There is clear and convincing evidence that the parent continues to lack the ability or willingness to respond to services which would correct the situation.

(4) There is clear and convincing evidence that an additional period of rehabilitation would not correct the situation.

. . . .

i. The court finds that all of the following have occurred:

(1) The child meets the definition of child in need of assistance based on a finding of physical or sexual abuse or neglect as a result of the acts or omissions of one or both parents.

(2) There is clear and convincing evidence that the abuse or neglect posed a significant risk to the life of the child or constituted imminent danger to the child.

(3) There is clear and convincing evidence that the offer or receipt of services would not correct the conditions which led to the abuse or neglect of the child within a reasonable period of time.

affirm the juvenile court's order on any ground we find supported by the record. *In re D.W.*, 791 N.W.2d 703, 707 (Iowa 2010).

The mother's parental rights have been terminated to three other children. As a consequence of the mother's neglect and failure to benefit from services, the mother's rights to two children were terminated, and those two children were adopted by their maternal grandparents in 2002. The mother consented to the termination of her parental rights to A.P. in 2013.

These two children, V.B., born in 2003; and N.B., born in 2007; as well as their half-sister A.P., born in 2002, were removed from the mother's custody in January 2012 due to the mother's long-standing mental health issues and inability to adequately protect and supervise her children (primarily A.P. who asserted she was being sexually abused by the mother's paramour). All three were adjudicated CINA after finding they had been physically or sexually abused or neglected as the result of the acts or omissions of their mother. When the three children entered foster care, they had "severe delays developmentally, socially, and educationally." The mother did not believe A.P.'s reports of being sexually abused.[2]

The mother has been offered numerous services during the course of these juvenile court proceedings, including family centered services, mental health counseling, parenting classes, domestic violence counseling, supervised visits, family team meetings, and parent skill development. During the current proceedings the mother cooperated with those services for a time. She received

---

[2] The mother consented to the termination of her parental rights to A.P. in December 2013.

overnight visits for about two months in the fall of 2012. However, she stopped meeting with her mental health provider in January 2013. She is not addressing her mental health issues. She stopped meeting with her community educator. She is not addressing issues of domestic violence and anger management. At the time of the termination trial in February 2014, she was facing criminal charges in relation to the sexual abuse of A.P.

The mother has had minimal interaction with the boys since March 2013 (the children were placed with their maternal grandparents out of state until January 2014, when they returned to Iowa at the grandparents' insistence). The two boys are placed in separate foster homes as they are violent and aggressive with one another when placed in the same home. They are each doing well in their current placements.

While the mother claims reasonable efforts at reunification were not made by the State, she did not seek additional services and did not make this claim to the juvenile court. *See In re C.B.*, 611 N.W.2d 489, 493-94 (Iowa 2000) ("We have repeatedly emphasized the importance for a parent to object to services early in the process so appropriate changes can be made.").

There is clear and convincing evidence to support termination under section 232.116(1)(d) (providing termination upon finding the court has "previously adjudicated the child to be a child in need of assistance after finding the child to have been physically or sexually abused or neglected as the result of the acts or omissions of one or both parents" and the parent was "offered or received services to correct the circumstance which led to the adjudication, and the circumstance continues to exist despite the offer or receipt of services").

Because statutory grounds exist, termination of the mother's parental rights will best provide for the children's long-term welfare and allow permanency, *see* Iowa Code § 232.116(2), and no section 232.116(3) factor is pertinent, we affirm the termination of the mother's parental rights.

**AFFIRMED.**